UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JUSTIN GADBERRY,                                    )
                                                    )
        Plaintiff,                                  )
                                                    )
            v.                                      ) No. 4:23CV1311  HEA
                                                    )
JALESIA FRANKLINA McQUEEN  KUENZEL                  )
and ANTHONY ALOYSIUS KUENZEL, III                   )
                                                    )
        Defendants.                                 )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Second Motion to Dismiss, [Doc. No 34]. Plaintiff has not responded to the Motion. Pursuant to the Court's Local Rules, Plaintiff's failure to file a response can be construed as a concession of the motion. See Local Rule 4.01. *McIntosh v. Ameren UE*, No. 4:09CV1461 HEA, 2009 WL 3754158, at *1 (E.D. Mo. Nov. 5, 2009) For the reasons set forth below, the Motion will be granted.

### Facts and Background

After the Court's dismissal of Plaintiff's Complaint, Plaintiff sought and received leave to file his First Amended Complaint. The First Amended Complaint

seeks recovery under the Servicemembers Civil Relief Act, 50 U.S.C. §3901, *et seq*[1].

Defendants move to dismiss the First Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Discussion

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Id*. at 555–56; Fed. R. Civ. P. 8 (a)(2).  The principle that a court must accept the allegations contained in a complaint as true is inapplicable to legal conclusions, however. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id*.

The United States Supreme Court has cogently held:

The [Servicemembers] Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the

---

[1] On September 16, 2024, the Court granted Defendant's' Motion to dismiss Plaintiff's complaint under the *Rooker/Feldman* Doctrine, *Rooker v. Fidelity Tr. Co*., 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), and the Domestic Relations exemption to Federal jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (distinguishing a family tort claim from a child custody claim). Plaintiff has not reasserted these claims in his First Amended Complaint.

burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial.

*Boone v. Lightner*, 319 U.S. 561, 575 (1943); *Taylor v. Ferguson*, 437 S.W.3d 799, 806 (Mo. Ct. App. 2014). That being said, however, under the *Twombly/Iqbal* directives, a complaint must set forth sufficient facts to show the pleader is entitled to relief.

The First Amended Complaint fails these standards. The only reference to the Servicemembers Civil Relief Act is Section 3901 which provides the name of the statute. Plaintiff, in conclusory fashion, states that through the actions of Defendants, Plaintiff has been damaged. Plaintiff sets forth no facts demonstrating the source of the damages, the provisions of the Act that are causing the damages, or the nature and extent of the damages. Merely referencing a statute does not establish that Plaintiff would be entitled to relief.

## Conclusion

Based upon the foregoing analysis, Plaintiff's First Amended Complaint fails to sufficiently allege claims upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 34], is **GRANTED**.

Dated this 19th day of November, 2025.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE